We'll hear argument now in the case of United States v. Wade. Tuesday Good morning, Your Honors. May it please the Court, Counsel. On behalf of Mr. Wade, Mr. Wade is appealing the imposition of an upward departure in his sentence, or an upward variance, as they are now called. He had a mandatory minimum sentence of 120 months. He had a guideline sentencing range that was substantially below that. And the District Court imposed a sentence that was 12 months above the mandatory minimum sentence. It is Mr. Wade's position that the District Court committed both procedural error and substantive as well. Basically, the District Court failed to address any of Mr. Wade's principal arguments in imposing the sentence. The District Court must, of course, identify the particular factors that it relies upon for an upward variance. I have to admit, Counsel, we've come back to this case where he got the kind of break he got to begin with. I don't know what you're going to say. Well, Your Honor, I have to say that obviously the Court believed the sentence that it first imposed in the prior, that it imposed in the previous case was reasonable. The Court gave consideration. How did the facts vary for the initial case, in this case? The facts of this case, how did they vary? There was, I believe that there were actually more enhancements involved in the initial case. I was not counsel on the initial case, but I understand that the guideline range of the original case, the first case, I should say, was approximately 135 months, I believe was the low end of that range. And in that case, apparently the Court believed that that was a substantially, was a sentence substantially higher than needed to be imposed because the Court imposed a sentence of approximately three months. I understand. That's why he did it. He knocked it down considerably. So the Court, for what we know, the Court... Because he assumed that your client had learned his lesson. Well, I think at that point when he imposed the sentence, he believed, I would assume he may have believed it was unlikely that recidivism would occur. Yeah, well... The problem is that when he sentenced him the second time, recidivism was calculated automatically into the guideline range and also into the mandatory minimum. His guideline range was substantially lower than it was in the first case. So obviously there had to be some additional factors in the first case that were not accounted for in the second case. When all of those factors were accounted for that existed in the second case, his guideline range basically would have been approximately twice of what the previously imposed sentence was. He then had a criminal history category of two, which also accounts for that. In the first case, it was a criminal history category of one, and obviously there had to have been significantly more other factors involved to get the higher guideline range. So his recidivism is accounted for with the increase in the criminal history category, and then under the statute that the government elected to charge him with, recidivism is accounted for in the fact that there is now a 10-year mandatory minimum that the court had to impose as a minimum. The government argued the nature of the images involved were a justification for an increase above the mandatory minimum sentence. It does not appear that the court considered that at all, and understandably since that was already accounted for in the guideline calculations. The court did point out both that he had given a substantial variance in the first sentence, one that again the court justified and to my knowledge the government did not appeal, and also that he had given him another break when terminating his term of supervised release early. The court appeared to have addressed the early termination of supervised release in this case by imposing a 10-year term of supervised release following the second case. So I can see that there's a direct rationale there that that's accounted for, but that's still one of the reasons that the judge gives for giving an upward variance beyond the 10 years, despite the fact that both criminal history category and mandatory minimum already adjusted his sentence for that. And our point is that the court still had to address Mr. Wade's principal arguments regarding his recidivism, and he also argued in response to the government's arguments regarding the nature of the images. And the court did not... The major argument was he was addicted? Yes, he was addicted, and that as with any addiction there is always the risk... He didn't have family support or did have family support? He had family support, but he had a family that was not clearly aware of the circumstances at that time, and they became more aware... They weren't aware that he'd been convicted of child pornography? They did not seem to be aware of the needs specific to that type of an addiction. They were not educated on what that meant, and I guess fortunately or unfortunately, we're much more aware of addictions such as alcoholism or drug abuse. Most of us do not encounter addictions to child pornography on a regular basis, and I can see where that would be understandable on their part. Basically, Your Honor, the court, regardless of what sentence the court ultimately imposed, had to at least consider the basic arguments, the principal arguments that were made by Mr. Wade, and in this instance the court did not consider them in any way, and in so doing committed both procedural error and imposed a sentence that was not substantially reasonable. The argument has been made that it didn't matter what the judge said, technically saying anything at all was sufficient because a mandatory minimum sentence didn't require the court to say anything at all, but that goes against every rule that we have regarding imposition of sentence and the need to have a clear record for review. Well, you don't... How do you... When this individual commits the very same offense again after receiving that kind of break, what do you need to say? Well, you need to address the fact... You want to say, well, you fooled me once? And the judge did say that, fooled me once. He did make reference to that. Isn't that enough? I'm sorry? Isn't that enough? No, that is not enough. Why? Because he didn't address the fact that both the guidelines and the mandatory minimum took into account the prior sentence imposed with both the doubling and tripling of the sentence that it could oppose in this particular case. Thank you. I would reserve the remainder of my time. Certainly, counsel. Mr. Piper. Good morning, Your Honors. May it please the court, counsel. James Piper, Jr., on behalf of the United States. It is our position, first, that the district court did not in any way commit procedural error in this case. As reflected in the sentencing transcript, the court, in fact, considers the principal argument and mitigation posited by the appellant, and the court provided a sufficiently detailed basis for the upward variance. Secondly, we would submit to the court that the district court did not abuse its discretion by imposing a sentence only to a slight increment 12 months upward variance in this case under all the facts and circumstances of this case. But we would point to three specific facts. One, that the appellant was previously convicted of the very same offense committed in the same manner. I would point that the pre-sentence report indicates that there were over 19,000 images of child pornography that he possessed in his first case. And this district court was the same judge that provided over that prior conviction and was keenly aware of that. The second fact would be that the appellant was given great leniency. In fact, the court, in the sentencing transcript, told the defendant, I gave you a quote-unquote huge break. And quite frankly, this appellant, after being given a huge break by this district court, squandered that opportunity of leniency and quite frankly made a mockery of the court's leniency by moving forward and committing the exact same offense in the exact same manner, making it crystal clear to this very same court that the previous sentence had in no way deterred him and that he was in no way rehabilitated as a result of that. The third fact we would point to to justify that sentence is the degree of depravity of the child pornography that this defendant possessed in quote-unquote the second rodeo, as the district court indicated in this instant case.  But we would submit that several images that this defendant possessed were beyond grotesque. They were diabolical in nature and they are gut-wrenchingly detailed in paragraph 7 of the pre-sentence report. And the court openly said in the transcript that he had read paragraph 7. Paragraph 7 of the pre-sentence report is so graphic that the AUSA handling the sentencing here was not comfortable getting into the details because small children were present in open court at the time of the sentencing. So your honors, for all these reasons and the other reasons contained in our brief, we would respectfully ask this court to affirm the sentence of the district court. Thank you very much. Thank you Mr. Piper. Anything further Ms. Day? Simply to say that regardless of the previous conviction, the argument regarding rehabilitation and depravity of images, first of all the depravity of the images was not addressed by the court. Simply acknowledging when the government asked have you read paragraph 7, the court basically acknowledged yes, it's read paragraph 7. The previous conviction, the 19,000 images, there were substantially less in this case, 2,700, but I think we're getting off the mark here. The point is that the court had to consider the predominant arguments raised by the defense and it did not do that in this case. We are asking your honor that this case be remanded for resentencing. Thank you. Thank you very much. The case is taken under advisement.